IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Derrick Powell, <br><br>                    Plaintiff, <br><br> v. <br><br> Lt. Travis Pressley, Sgt. Tommy Richardson, Ofc. Kevin Harley, and Ofc. Tracy Howard, <br><br>                    Defendants. | Case No. 4:19-cv-1818-SAL <br><br><br> **ORDER** |

This matter is before the Court for review of the October 29, 2020 Report and Recommendation ("Report") of United States Magistrate Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 50]. In the Report, the Magistrate Judge recommends the defendants' motion for summary judgment, ECF No. 44, should be granted. *Id.* No party filed objections to this Report, and the time to do so has passed. *Id.*

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the Court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the Court finds no clear error, adopts the Report, and incorporates the Report by reference herein. Accordingly, Plaintiff's claims are DISMISSED WITHOUT PREJUDICE due to Plaintiff's failure to exhaust his administrative remedies.[1]

IT IS SO ORDERED.

January 7, 2021
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge

---

[1] While it appears that Plaintiff's administrative remedies are exhausted at this point, he failed to do so before commencing this lawsuit on June 27, 2019. *See* [ECF No. 50 p.6]. Even though Plaintiff has exhausted his remedies at the time of this Order, the proper disposition is still dismissal without prejudice. *See Moorehead v. Keller,* 845 F. Supp. 2d 689, 693 (W.D.N.C. 2012) (holding that exhaustion is a mandatory prerequisite to filing suit); *see also Petrucelli v. Hasty*, 605 F. Supp. 2d 410, 419 (E.D.N.Y. 2009) ("Courts must construe the exhaustion requirement strictly because [a] prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction and [t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance.") (internal quotation marks omitted).